Judgment set aside, and suit dismissed. Plaintiff to pay all costs.

---

(53 South. 982.)

No. 18,523.

STATE v. MOFFETT.

(Jan. 3, 1911.)

*(Syllabus by the Court.)*

HOMICIDE (§ 340*)—INSTRUCTIONS.

An instruction, in effect, to the jury to find the accused guilty of manslaughter, if the evidence showed that the accused was present when the homicide was committed by his codefendant on a sudden altercation, and that the accused assisted in the flight of his codefendant after the killing, is erroneous in law, and was well calculated to confuse and mislead the jury, as the doctrine thus announced, if applicable to manslaughter, is also applicable to murder. A misstatement of law on a material point is presumed to have prejudiced the accused.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 715–720; Dec. Dig. § 340.*]

Appeal from First Judicial District Court, Parish of Caddo; Thomas F. Bell, Judge.

John Moffett was convicted of murder, and appeals. Reversed.

Herndon & Herndon, for appellant. Walter Guion, Atty. Gen., and J. M. Foster, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

LAND, J. Ernest and John Moffett were indicted for the murder of one Frank Kelsoe. The case against Ernest Moffett was continued. John Moffett was found guilty as charged, without capital punishment, and has appealed from a life sentence at hard labor.

It is conceded that the homicide was committed by Ernest Moffett, and that John Moffett was present when the deed was done. The prosecution contended that there was a conspiracy to murder, and that John Moffett was present, aiding and abetting Ernest Moffett, and assisted him in his flight. The accused contended that, although present, he had nothing to do with the homicide.

The trial judge charged the jury in writing, and gave, among others, the following instructions, to wit:

"If, however, you should find from the evidence that without any previous understanding to do some unlawful act to and upon decedent, a sudden altercation arose between decedent and Ernest Moffett, and he killed decedent, under such circumstances as to make the crime manslaughter, under the instructions herein given you, and this defendant was present thereat, actively assisting, inciting, and encouraging, or assisting his codefendant in flight after the killing, he is likewise guilty of manslaughter, and you should so find."

The accused excepted to these instructions, and requested other instructions eliminating the element of assistance in flight. This request was refused, and the accused again excepted. We note some difference between the written instructions and the recital of the same in the bill of exceptions, but the text of the charge must govern.

The proposition that the mere presence of the accused at the time and place of the homicide, and his assisting the slayer in flight, would justify a verdict of manslaughter, is not sound law, as such facts per se would make the accused guilty as an accessory after the fact, which is a mere misdemeanor. Rev. St. 1870, § 972. The prosecution argues that as the jury found the accused guilty of murder, and not of manslaughter, their verdict was not influenced by the instructions complained of by the accused. It is impossible for the court to know what influence, if any, the instructions had on the minds of the jurors in reaching their verdict. Where an instruction on a material point misstates the law, prejudice to the accused will be presumed. Evidence of presence on the occasion of a homicide, and of assistance to the slayer in his flight, is as relevant to murder as it is to manslaughter. Hence the verdict of guilty as charged does not necessarily show that the jury disregarded the erroneous instruction. Suffice it to say that such instruction *may* have influenced the verdict. The other bills are without merit.

It is therefore ordered that the verdict and sentence below be set aside, and that this case be remanded for further proceedings according to law.